Larry Reynold Smith was convicted of capital murder under Ala. Code 1975, § 13A-5-40 (a)(2), for the death of Dennis Wheeler Harris. The trial was conducted after June 15, 1995. The jury recommended death, and the trial court accepted the jury's recommendation. The Court of Criminal Appeals affirmed the conviction and the sentence of death. Smith v. State,727 So.2d 147 (Ala.Crim.App. 1998). We granted certiorari review pursuant to Rule 39 (C), Ala. R. App. P.
Smith has raised 21 issues, as well as numerous subissues, for US to review. The Court of Criminal Appeals adequately addressed and correctly resolved most of these issues in its thorough and well-reasoned opinion. The only issue that warrants further discussion is one of the issues focused on in oral argument and one on which Smith was permitted to file a supplemental brief.[1] That issue was whether, because of what Smith called a conflict between the recently amended Ala. Code 1975, §12-16-9, effective June 15, 1995,[2] before the date of Smith's trial, and the then existing Rule 19.3, Ala R. Crim. P.,[3] the trial court erred in allowing *Page 175 
the jury to separate without his consent and over his objection.
This Court has today held that § 12-16-9 superseded Rule 19.3 insofar as that Rule related to the separation of jurors. Exparte Stewart, 727 So.2d 147 (Ala. 1999), thus deciding that issue adversely to Smith.
Furthermore, as to the other issues Smith raises, suffice it to say, without an in-depth discussion, that we have reviewed the alleged errors; that we have exhaustively searched the record for plain error; and that we have found no error, plain or otherwise. The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, COOK, SEE, and LYONS, JJ., concur.
[1] During oral argument, the State contended that even if Rule 19.3, Ala. R. Crim. P., applied, the error in allowing Smith's jury to separate was harmless because, it maintained, on retrial Smith would be subject to the newly amended Rule 19.3, which conforms to Ala. Code 1975, § 12-16-9, and allows capital juries to separate in the trial court's discretion.
On rebuttal, Smith contended that the State's "harmless error" argument presumes the retroactive application of Rule 19.3.
The Court granted Smith permission to file a supplemental brief on the issue of harmlessness and specifically requested briefing on the question of the retroactive application of Rule 19.3. We have considered the arguments made in the supplemental brief; however, because of our resolution of the issue pertaining to the trial court's allowing the jury to separate, over Smith's objection, we pretermit any discussion of those arguments.
[2] Ala. Code 1975, § 12-16-9, as amended, provides as follows:
 "In the prosecution of any felony case the trial court in its discretion may permit the jury hearing the case to separate during the pendency of the trial. The court may at any time on its own initiative or on motion of any party require that the jury be sequestered under the charge of a proper officer whenever they leave the jury box or the court may allow them to separate. A motion to separate or sequester shall not be made within the hearing of the jury, and the jury shall not be informed which party, if any, requested separation or sequestration."
Before June 15, 1995, § 12-16-9, had provided, in part, as follows:.
 "(a) If the accused and his counsel and also the prosecuting attorney, in any prosecution for a capital felony consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to the accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.
 "(b) It shall be improper for the trial court to ask the accused, counsel for the accused or the prosecuting attorney, in the hearing of the jury, whether he or they will consent to a separation of the jury pending the trial.
 "(c) It shall be improper for the accused, counsel for the accused or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial.
 "(d) In the prosecution of any noncapital felony the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial. . . . "
[3] Rule 19.3, Ala. R. Crim. P., before a December 1, 1997, amendment, provided as follows:
"(a) Separation of Jurors in Capital Trials.
 "(1) In any prosecution for a capital felony, upon the consent in open court of the defendant, defendant's counsel, and the district attorney, the trial court, in its discretion, may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not,
 "(2) A separation of the jury so permitted under Rule 19.3 (a) shall create a prima facie presumption that the accused was not prejudiced by reason of the separation.
 "(3) All discussions among the parties and the trial court concerning whether there will be a separation shall take place outside the hearing of the jury, and the jury shall not be informed which party, if any, requested or objected to sequestration or separation." *Page 176 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 177 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 178 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 179 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 180 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 181 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 182 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 183 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 184 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 185 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 186 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 187 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 188 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 189 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 190 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 191 
[EDITORS' NOTE: THIS PAGE CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 780